UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAMIAN ASHMEADE,

        Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER MICHAEL O'SULLIVAN (Tax Reg. No. 950990), in his individual capacity; and NYPD OFFICERS JOHN DOE #1-5, in their individual capacities,

        Defendants.

Index No.: 21 Civ. 6375

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff Damian Ashmeade, by and through his attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP and Jose L. Nieves, Esq., for his Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. On January 24, 2021, Damian Ashmeade was shot in the thigh while walking down the street in Queens. Mr. Ashmeade had no idea who fired the shot; he knew only that he was bleeding, in pain, and afraid. He managed to drive himself to Jamaica Hospital, where he required immediate medical attention.

2. While Mr. Ashmeade was resting and recovering in his hospital bed, New York Police Department officers began to interrogate him. The officers wanted to know who shot Mr. Ashmeade and where they could find the weapon. Mr. Ashmeade explained to the officers, just as he had explained to his doctors, that he had no information about the identity of the shooter or the location of the weapon. He had simply heard a gunshot, looked down, and saw

that he was bleeding. But the officers did not accept those answers. Instead, they handcuffed Mr. Ashmeade to his hospital bed and pressed him on a baseless theory that, if he could not name his shooter, then he must have shot himself, and if he shot himself, then he must be in possession of an illegal weapon.

3. The officers had no facts to support this fanciful theory. No weapon was recovered from Mr. Ashmeade. Mr. Ashmeade told officers the truth about what happened. But the officers fabricated a statement from Mr. Ashmeade and charged him with criminal possession of a weapon and reckless endangerment.

4. Because Mr. Ashmeade had suffered a gunshot wound without seeing his shooter, he was handcuffed to his hospital bed for over two days, then removed from the hospital against his doctors' medical advice, arraigned, and sent to Rikers Island. Mr. Ashmeade was confined at Rikers for two days. While at Rikers, he was placed with the general population rather than in the infirmary and was forced to stand without a crutch for long periods of time.

5. Because of Mr. Ashmeade's unlawful arrest and detention, his injury was exacerbated and his recovery prolonged. He continues to experience lingering pain in his leg and trauma from the arrest and detention. Mr. Ashmeade now seeks redress for Defendants' egregious violations of his rights.

## PARTIES

6. Plaintiff Damian Ashmeade is a 40-year-old man who at all relevant times was a resident of New York State. Mr. Ashmeade was born and raised in Jamaica and has lived in New York for over twenty years. Mr. Ashmeade is self-employed as a music producer and works as a sales representative for a restaurant and bar supply company.

7. Defendant City of New York (the "City") is a municipal corporation duly

organized under the laws of the State of New York. At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters, including the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

8. At all relevant times, Defendant Michael O'Sullivan, Tax Registry No. 950990, was a police officer of the New York City Police Department, acting in the capacity of agent, servant, and employee of the City, and within the scope of his employment as such.

9. At all relevant times, Defendants NYPD Officers John Doe #1-5, names and shield numbers unknown, were police officers of the New York City Police Department, acting in the capacity of agents, servants, and employees of the City, and within the scope of their employment as such. Defendants John Doe #1-5 are being sued under fictitious names because their names are unknown at this time.

10. Defendant Michael O'Sullivan and Defendants John Doe #1-5 are collectively referred to as "NYPD Defendants."

## JURISDICTION AND VENUE

11. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York State law.

12. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the acts complained of occurred in the Eastern District of New York.

## JURY DEMAND

14. Plaintiff demands a trial by jury.

## FACTUAL ALLEGATIONS

### *Mr. Ashmeade Presents at the Hospital with a Gunshot Wound*

15. On January 24, 2021, Mr. Ashmeade was walking on a Queens sidewalk when he heard a gunshot and realized that he had been shot in the thigh.

16. Mr. Ashmeade immediately drove himself to Jamaica Hospital, where he was treated for a gunshot wound to the right thigh.

17. Mr. Ashmeade explained to doctors and medical staff at Jamaica Hospital what had happened: he heard a gunshot, looked around, realized he was bleeding and had been shot, got into his car, and drove to the hospital. Mr. Ashmeade's medical records reflect those statements.

### *NYPD Officers Interrogate Mr. Ashmeade and Handcuff Him to His Hospital Bed*

18. Defendant NYPD Officer Michael O'Sullivan and Defendants NYPD Officers John Doe #1-5 (collectively, "NYPD Defendants") responded to Jamaica Hospital and questioned Mr. Ashmeade.

19. NYPD Defendants asked Mr. Ashmeade for the identity of the person who shot him and for the location of the gun. Mr. Ashmeade said that he did not know the answer to those questions. He told NYPD Defendants exactly what he had told his doctors: that he heard a gunshot, realized he had been shot, and drove himself to the hospital.

20. NYPD Defendants insisted that there was something Mr. Ashmeade was not telling them. In an effort to get Mr. Ashmeade to "talk," NYPD Defendants handcuffed Mr. Ashmeade to his hospital bed. NYPD Defendants continued to press Mr. Ashmeade on their theory that, if he could not identify the person who had shot him, then he must have shot himself,

4

which meant that he was in possession of a gun.

21. Mr. Ashmeade remained detained and handcuffed to his hospital bed from January 24, 2021 to January 27, 2021.

***Mr. Ashmeade Is Prosecuted for Fabricated Offenses***

22. Based on NYPD Defendants' baseless and fanciful theory that Mr. Ashmeade must have shot himself with an illegal gun simply because he presented at the hospital with a gunshot wound, NYPD Defendants charged Mr. Ashmeade with two counts of criminal possession of a weapon in the second degree (N.Y. Penal Law 265.03), two counts of criminal possession of a weapon in the fourth degree (N.Y. Penal Law 265.01), and one count of reckless endangerment in the first degree (N.Y. Penal Law 120.25).

23. No weapon was recovered in connection with Mr. Ashmeade's arrest.

24. In support of the charges, NYPD Defendants alleged that Mr. Ashmeade stated to them that his wound had been self-inflicted. Mr. Ashmeade never said that; his statement to NYPD Defendants matched what he had told his doctors. NYPD Defendants fabricated that statement in the complaint, which they forwarded to prosecutors.

25. Other than the statement fabricated by NYPD Defendants, nothing supported the proposition that the wound was self-inflicted or that Mr. Ashmeade possessed a weapon.

26. On January 27, 2021, NYPD Defendants removed Mr. Ashmeade from the hospital and brought him to Central Booking. Mr. Ashmeade's doctors told NYPD Defendants that Mr. Ashmeade should not be moved in his condition and asked NYPD Defendants to do a bedside arraignment, but NYPD Defendants refused. Mr. Ashmeade was taken in handcuffs to Queens Criminal Court and arraigned.

27. After his arraignment, Mr. Ashmeade was sent to Rikers Island. Mr. Ashmeade was confined at Rikers Island from January 27, 2021 until January 29, 2021, when he was released.

28. At Rikers Island, Mr. Ashmeade was placed with the general population rather than in the infirmary. The process required him to stand for long periods of time. Mr. Ashmeade's repeated requests for a crutch were denied. The lack of rest and trauma of standing for long periods of time exacerbated Mr. Ashmeade's injury.

***The Case Against Mr. Ashmeade Terminates in His Favor***

29. On March 1, 2021, Assistant District Attorney Jamie-Lynn Burns informed Mr. Ashmeade's criminal defense lawyer, Vivian Cedeno, via email that the complaining officer's claim that Mr. Ashmeade stated that his wound had been self-inflicted was inaccurate.

30. On March 4, 2021, the Queens District Attorney's Office dismissed Mr. Ashmeade's case in the interest of justice.

***Defendants' Conduct Exacerbates Mr. Ashmeade's Injury and Causes Him Lasting Harm***

31. NYPD Defendants' refusal to conduct a bedside arraignment for Mr. Ashmeade, against Mr. Ashmeade's doctors' medical recommendation, exacerbated Mr. Ashmeade's injury.

32. Mr. Ashmeade was forced to stand on his injured leg for long periods of time, without a crutch, while being processed at Rikers. Mr. Ashmeade did not receive adequate medical attention while at Rikers. The lack of rest, trauma from standing for long periods of time, and lack of adequate medical attention exacerbated Mr. Ashmeade's injury.

33. Mr. Ashmeade's wound required a follow-up visit to an urgent care clinic because of pain, swelling, and discoloration.

34. Mr. Ashmeade continues to suffer lingering pain in his right leg. He also suffers from trauma related to the arrest. He feels anxious and afraid when he sees police.

35. Mr. Ashmeade lost significant income because of his arrest and detainment for five days.

*NYPD Officers Destroy Mr. Ashmeade's Car*

36. NYPD Defendants also seized Mr. Ashmeade's 2019 black Ford Mustang, license plate number JHF1966, on the day of his arrest. NYPD Defendants held Mr. Ashmeade's vehicle from January 24, 2021 until March 3, 2021.

37. When Mr. Ashmeade's car was returned to him, the entire dashboard had been destroyed, and the car was scratched. Mr. Ashmeade had to pay out-of-pocket to have the damage fixed.

*Mr. Ashmeade Timely Files a Notice of Claim*

38. Within ninety days after Mr. Ashmeade's January 24, 2021 arrest, counsel for Mr. Ashmeade filed a Notice of Claim with the New York City Comptroller's Office.

39. Mr. Ashmeade attended and testified at the hearing required under Section 50-H of the General Municipal Law on September 20, 2021, by video conference.

40. This action has been commenced within one year and ninety days of the events upon which the claims are based.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
False Arrest
(against NYPD Defendants)

41. Plaintiff repeats and realleges the above paragraphs as if they were fully set forth at length herein.

42. NYPD Defendants wrongfully and illegally arrested Plaintiff.

7

43. The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff were carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

44. NYPD Defendants knew that they lacked probable cause to arrest Plaintiff because they knew that only their fabricated statement supported the proposition that Mr. Ashmeade possessed a weapon.

45. No reasonable officer would have believed there was probable cause to arrest Plaintiff under these circumstances.

46. At all relevant times, NYPD Defendants acted forcibly in apprehending and arresting Plaintiff.

47. Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

48. All this occurred without any fault or provocation on the part of Plaintiff.

49. NYPD Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and NYPD Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

50. The conduct of NYPD Defendants was willful, wanton, and reckless.

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
Malicious Prosecution
(against NYPD Defendants)

52. Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

53. NYPD Defendants maliciously and without justification commenced criminal proceedings against Plaintiff.

54. NYPD Defendants issued a summons to Plaintiff for criminal possession of a weapon and reckless endangerment.

55. NYPD Defendants charged Plaintiff falsely, maliciously, in bad faith, and without probable cause.

56. NYPD Defendants acted with malice, and knew or were deliberately and recklessly indifferent to the truth that they lacked probable cause to arrest, issue a summons to, and prosecute Plaintiff, and that no reliable information suggested Plaintiff had committed any offense.

57. No reasonable officer would have believed there was probable cause to prosecute Plaintiff under these circumstances.

58. The summons required Plaintiff to appear in court on pain of criminal prosecution.

59. On March 4, 2021, the prosecution terminated in Plaintiff's favor when the summons issued to him was dismissed in the interest of justice.

60. NYPD Defendants acted under pretense and color of state law. They acted in abuse of their powers and beyond the scope of their authority and jurisdiction to willfully, knowingly, and intentionally deprived Plaintiff of his constitutional rights secured by

42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

61. NYPD Defendants' conduct was willful, wanton, and reckless.

62. As a direct and proximate result of NYPD Defendants' actions, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
42 U.S.C. § 1983 – Fourteenth Amendment
Due Process – Fair Trial/Fabrication of Evidence
(against NYPD Defendants)

63. Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

64. NYPD Defendants were at all times officials investigating Plaintiff.

65. NYPD Defendants fabricated evidence that Mr. Ashmeade made a statement that his wound was self-inflicted. Mr. Ashmeade never said that, or anything to that effect.

66. The fabricated statement was likely to influence a jury's decision.

67. NYPD Defendants forwarded that information to prosecutors, resulting in Mr. Ashmeade's prosecution.

68. No reasonable officer would have believed that fabricating that statement and forwarding it to prosecutors did not violate Plaintiff's due process rights.

69. NYPD Defendants acted under pretense and color of state law. They acted in abuse of their powers and beyond the scope of their authority and jurisdiction to willfully, knowingly, and intentionally deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourteenth Amendment to the United States Constitution.

70. NYPD Defendants' conduct was willful, wanton, and reckless.

71. As a direct and proximate result of NYPD Defendants' fabrication, Plaintiff suffered a deprivation of liberty and suffered the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Common Law False Arrest/False Imprisonment
(against all Defendants)

72. Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

73. NYPD Defendants wrongfully and illegally arrested Plaintiff.

74. The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff were carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

75. NYPD Defendants knew they lacked probable cause to arrest Plaintiff because they knew that only their fabricated statement supported the proposition that Mr. Ashmeade had possessed a weapon.

76. No reasonable officer would have believed there was probable cause to arrest Plaintiff under these circumstances.

77. At all relevant times, NYPD Defendants acted forcibly in apprehending and arresting Plaintiff.

78. Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

79. All this occurred without any fault or provocation on the part of Plaintiff.

80. NYPD Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights,

privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

81. Defendant City of New York, as employer of NYPD Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Common Law Malicious Prosecution
(against all Defendants)

83. Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

84. NYPD Defendants, acting in their capacity as NYPD officers and within the scope of their employment as such, maliciously commenced criminal proceedings against Plaintiff.

85. NYPD Defendants issued a summons to Plaintiff for criminal possession of a weapon and reckless endangerment.

86. NYPD Defendants charged Plaintiff falsely, in bad faith, and without probable cause.

87. Defendant New York City, as employer of NYPD Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88. On March 4, 2021, the prosecution terminated in Plaintiff's favor when the summons issued to him was dismissed in the interest of justice.

89. As a direct and proximate result of Defendants' actions, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Common Law Trespass to Chattels
(against all Defendants)

90. Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

91. At all relevant times, Plaintiff owned and had the right to possess his 2019 black Ford Mustang, license plate number JHF1966.

92. As set forth above, NYPD Defendants, acting in their capacity as NYPD officers and within the scope of their employment as such, intentionally, and without justification or consent, physically interfered with Plaintiff's use and enjoyment of his vehicle.

93. NYPD Defendants completely deprived Plaintiff of use and enjoyment of his vehicle from January 24, 2021 to March 3, 2021.

94. While the car was in their custody, NYPD Defendants destroyed the car's dashboard and scratched the paint, which resulted in harm to Plaintiff's interest in the physical condition, quality, and value of the vehicle.

95. Defendant New York City, as employer of NYPD Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

96. As a direct and proximate result of Defendants' actions, Plaintiff sustained the damages hereinbefore alleged.

\*   \*   \*

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

    a. Compensatory damages in an amount to be determined at trial;

    b. Punitive damages against NYPD Defendants in an amount to be

        determined at trial;

    c.    Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
       November 17, 2021

By: _____  
EMERY CELLI BRINCKERHOFF  
ABADY WARD & MAAZEL LLP  
Andrew G. Celli, Jr.  
Francesca Cocuzza  
600 Fifth Avenue, 10th Floor  
New York, New York 10020  
(212) 763-5000  

JOSE L. NIEVES, ESQ.  
213-37 39th Avenue, Suite 184  
Bayside, New York 11361  
(631) 861-5094  

*Attorneys for Plaintiff Damian Ashmeade*